RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
8/21/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IRA JEROME ROSS (#498729) | DOCKET NO. 15-cv-1943; SEC. P |
| VERSUS | JUDGE DRELL |
| LA DEPT OF CORRECTIONS, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Ira Jerome Ross filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He complains that he is actually innocent of the crime of which he was convicted, and he seeks compensation for each year he has been incarcerated since his conviction was affirmed on appeal in 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff was convicted of attempted second degree murder in the First Judicial District Court, Caddo Parish. His conviction and sentence were affirmed on appeal. See State v. Ross, 42,399 (La. App. 2 Cir. 8/29/07), 965 So. 2d 610. Plaintiff complains that he is innocent of the charge, and he seeks monetary compensation for each year that he was incarcerated following the appellate court's ruling of August 29, 2007.

## *Law and Analysis*

### 1. *Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Additionally, because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### 2. *Heck v. Humphrey*

Plaintiff seeks damages for an allegedly unlawful conviction and/or imprisonment because he is innocent. In order "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v.

Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff does not allege that his conviction was invalidated by a state or federal court. In fact, he shows that the conviction and sentence were affirmed and that his application for post-conviction relief was denied. [Doc. #1, p.8] Therefore, Plaintiff's claim for monetary damages is barred by Heck.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A until the Heck conditions are satisfied.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of August, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE